IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRISTOL-MYERS SQUIBB CO., <br> E.R. SQUIBB & SONS L.L.C., <br> ONO PHARMACEUTICAL CO., LTD., <br> and TASUKU HONJO, <br><br> Plaintiffs, <br><br> v. <br><br> MERCK & CO., INC., and <br> MERCK SHARP & DOHME CORP., <br><br> Defendants. | C.A. No. 14-1131-GMS <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS MERCK & CO., INC. AND MERCK SHARP & DOHME CORP.'S
ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Merck & Co., Inc. and Merck Sharp & Dohme Corp. ("MSD") (collectively "Merck"), by their attorneys, hereby answer the Amended Complaint for patent infringement ("Amended Complaint") of Bristol-Myers Squibb Co. ("BMS"), E.R. Squibb & Sons L.L.C. ("Squibb"), Ono Pharmaceutical Co., Ltd. ("Ono"), and Tasuku Honjo (collectively "Plaintiffs"), in accordance with the numbered paragraphs thereof, as follows.  All allegations of fact and conclusions of law contained in the Amended Complaint are denied, except those specifically admitted herein:

### INTRODUCTION

1.     **Amended Complaint ¶ 1:**  According to the American Cancer Society, more than one million people in the United States are diagnosed with cancer each year (http://www.cancer. org/cancer/index).  Cancer is a disease that results from the uncontrolled proliferation of cells that were once normal but have transformed into cancerous cells.  Although a human's natural immune system has the potential to eliminate cancerous cells, cancer cells have the ability to "turn off" the immune system thus allowing the cancer cells to continue to grow unchecked.

**Answer:**  Merck admits that the American Cancer Society webpage states, "[m]ore than one million people in the United States get cancer each year." (http://www.cancer.org/cancer/index, accessed Dec. 8, 2014).  Merck admits that cancer is a disease that involves the uncontrolled proliferation of cancer cells and that cancer cells result from mutations of normal cells.  Merck admits that the human immune system may eliminate certain types of cancer cells and that certain cancer cells may suppress an immune response.  Merck denies as stated the remaining allegations in Paragraph 1 of the Amended Complaint.

2.     **Amended Complaint ¶ 2:**  This case relates to a groundbreaking type of cancer treatment called "immunotherapy."  Treating cancer using immunotherapy is a scientific breakthrough and has the potential to revolutionize cancer treatment by using a patient's own immune system to eliminate cancer cells.

**Answer:**  Merck admits that pembrolizumab, developed and sold by MSD, is a groundbreaking type of cancer treatment involving immunotherapy and that pembrolizumab enhances the ability of the patient's own immune system to eliminate cancer cells, but denies that pembrolizumab or the use of pembrolizumab to treat cancer was invented in the patent in suit and denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3.     **Amended Complaint ¶ 3:**  T cells are an important part of the human immune system. In addition to eliminating foreign matter such as bacteria and viruses from a human body, they also help remove cancerous cells in the body.  T cells carry a protein called PD-1 on their surface. PD-1 serves as an immune system checkpoint, shutting down the T cells' activity at the appropriate time to prevent an overactive immune response. Cancer cells can exploit the PD-1 protein's ability to trigger the immune checkpoint.  When the PD-1 is triggered in this way, it shuts down or decreases the T cells' activity of removing the unwanted cancer cells from the body. Thus, the triggering of the PD-1 checkpoint can prevent a patient's immune system from destroying the cancer cells.

**Answer:**  Merck admits that T cells are an important part of the human immune system that can eliminate foreign matter from the body, such as bacteria and viruses, and can help remove cancerous cells in the body.  Merck admits that certain T cells carry a protein called PD-1 on their surface, and that PD-1 serves as an immune system checkpoint, suppressing T cell

proliferation and activity, typically to avoid an overactive immune response. Merck admits that certain cancer cells express ligands that bind to PD-1 and result in suppression of T cell proliferation and activity. Merck admits that when PD-1 is triggered in this way, the ability of T cells to remove unwanted cancer cells from the body is decreased and the body's immune system may be prevented from effectively destroying cancer cells. Merck denies the remaining allegations in Paragraph 3 of the Amended Complaint.

     4.    **Amended Complaint ¶ 4:** The invention at issue here covers using antibodies that bind to PD-1 ("anti-PD-1 antibodies") in a method for treating cancer. By binding to PD-1 and blocking the PD-1 checkpoint pathway, the anti-PD-1 antibodies allow a patient's immune system to resume its ability to recognize, attack, and destroy cancer cells.

     **Answer:** Merck admits that the patent in suit purports to claim "[a] method for treatment of a tumor in a patient, comprising administering to the patient a pharmaceutically effective amount of an anti-PD-1 monoclonal antibody," but denies that this was invented in the patent in suit. Merck admits that some antibodies that bind to PD-1 may block the PD-1 checkpoint pathway for some forms of cancer, thereby enhancing the patient's immune response to recognize, attack and destroy such cancer cells. Merck denies that all antibodies that bind to PD-1 may be used in a method for treating cancer, denies that all antibodies that bind to PD-1 block the PD-1 checkpoint pathway, and denies the remaining allegations in Paragraph 4 of the Amended Complaint.

     5.    **Amended Complaint ¶ 5:** The plaintiffs put this scientific breakthrough into practice by developing an anti-PD-1 antibody called nivolumab, the first anti-PD-1 antibody approved anywhere in the world for cancer treatment.

     **Answer:** Merck admits that nivolumab has been approved for certain types of cancer treatment in Japan, but states that as of the date of this Answer, nivolumab has not been approved for any use in the United States and that MSD's pembrolizumab is the first and only anti-PD-1 antibody approved for treating any form of cancer in the United States. Merck denies

that the inventors on the patent in suit developed nivolumab and denies the remaining allegations of Paragraph 5 of the Amended Complaint.

6. **Amended Complaint ¶ 6:** Merck is threatening to exploit, and is exploiting, that invention with a later-developed anti-PD-1 antibody. As described below, Merck is preparing to infringe, and is infringing, plaintiffs' patent for methods of treating cancer with anti-PD-1 antibodies.

**Answer:** Merck denies the allegations in Paragraph 6 of the Amended Complaint.

## PARTIES

7. **Amended Complaint ¶ 7:** BMS is a corporation organized under the laws of the state of Delaware, with a principal place of business at 345 Park Ave., New York, New York 10154. E.R. Squibb & Sons L.L.C., is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business at Route 206 & Province Line Road, Princeton, New Jersey 08543. Ono is a corporation organized under the laws of Japan, with a place of business at 8-2 Kyutaromachi 1-chome, Chuo-ku, Osaka 541-8654, Japan. Tasuku Honjo is an individual with a place of business at Kyoto University, Graduate School of Medicine, Yoshida, Sakyo-ku, Kyoto 606-8501, Japan.

**Answer:** Merck lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint and, therefore, denies these allegations.

8. **Amended Complaint ¶ 8:** On information and belief, Defendant Merck & Co., Inc. is a corporation incorporated under the laws of the state of New Jersey with a place of business at 1 Merck Dr., Whitehouse Station, New Jersey, 08889. On information and belief, Defendant Merck Sharp & Dohme Corp. is a subsidiary of Merck & Co., Inc., and is a corporation incorporated under the laws of the state of New Jersey with a place of business at 1 Merck Dr., Whitehouse Station, New Jersey, 08889.

**Answer:** Merck & Co., Inc. admits that it is a corporation incorporated under the laws of the state of New Jersey. Merck & Co., Inc. also admits that at the time the Amended Complaint was filed, it had a place of business at 1 Merck Dr., Whitehouse Station, New Jersey, 08889. Merck & Co., Inc. states that it is moving its principal place of business to 2000 Galloping Hill Road, Kenilworth, New Jersey, 07033. Merck admits that MSD is a subsidiary of Merck & Co., Inc., and is a corporation incorporated under the laws of the state of New Jersey with a place of

business at 1 Merck Dr., Whitehouse Station, New Jersey, 08889.  Merck denies the remaining allegations in Paragraph 8 of the Amended Complaint.

## JURISDICTION AND VENUE

9. **Amended Complaint ¶ 9:**  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271 et seq., including an action seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202.

**Answer:**  Merck admits that Plaintiffs' Amended Complaint purports to state a claim for relief under the Patent Laws of the United States, 35 U.S.C. § 271 et seq., and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

10. **Amended Complaint ¶ 10:**  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

**Answer:**  Merck states that it will not contest that subject-matter jurisdiction exists over this Amended Complaint under 28 U.S.C. §§ 1331 and 1338, but it denies committing any infringement or other tortious or unlawful act.

11. **Amended Complaint ¶ 11:**  This Court has personal jurisdiction over both Defendants because they are registered with the Delaware Department of State to transact business in Delaware and, upon information and belief, have systematic and continuous contacts in Delaware, do regularly transact business in Delaware, have derived substantial revenue from sales of pharmaceutical products in Delaware, and are expected to market their anti-PD-1 antibody product pembrolizumab in Delaware.  On information and belief, Defendants have repeatedly availed themselves of the Delaware Courts.

**Answer:**  Merck admits that MSD is registered with the Delaware Department of State to transact business in Delaware, that MSD has transacted some business within this judicial district, that MSD derives some revenues from sales in this district and that MSD expects that pembrolizumab will be marketed throughout the United States, including in Delaware.  Merck admits that MSD has filed lawsuits in Delaware.  Merck denies the remaining allegations in Paragraph 11 of the Amended Complaint.

12. **Amended Complaint ¶ 12:** Defendants reside in this judicial district and venue is proper in this district under 28 U.S.C. §§ 1391(b), (c), and/or 1400(b).

**Answer:** Merck denies the allegations in Paragraph 12 of the Amended Complaint.

### INVENTION OF METHODS FOR TREATING CANCER

13. **Amended Complaint ¶ 13:** On May 20, 2014, the United States Patent & Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,728,474 (the "474 patent" (Exhibit 1)) titled "Immunopotentiative Composition." The inventors of the 474 patent showed for the first time that anti-PD-1 antibodies were useful in methods to treat cancer. Tasuku Honjo is a co-inventor and original co-assignee of the 474 patent. Ono is an original co-assignee and exclusive licensor of BMS under the 474 patent. BMS and Squibb are each exclusive licensees of one or more exclusionary rights under the 474 patent. The 474 patent claims methods for treating cancer with an antibody against PD-1.

**Answer:** Merck admits that the face of U.S. Patent No. 8,728,474 (the "'474 patent") indicates that it is entitled "Immunopotentiative Composition," that it was issued on May 20, 2014, and that Tasuku Honjo and Ono are listed as assignees of the '474 patent. Merck also admits that Tasuku Honjo is listed as an inventor on the face of the '474 patent. Merck denies that the '474 patent was duly and legally issued. Merck lacks sufficient knowledge or information to form a belief as to the exact nature of Plaintiffs' respective rights in the '474 patent. Merck admits that what purports to be a copy of the '474 patent is attached as Exhibit 1 to the Amended Complaint. Except as so admitted, Merck denies the allegations in Paragraph 13 of the Amended Complaint.

14. **Amended Complaint ¶ 14:** Plaintiffs have put the invention of the 474 patent into practice by developing the breakthrough biologic drug nivolumab. Nivolumab is a monoclonal antibody that recognizes and binds to the PD-1 protein. When nivolumab binds to the PD-1 protein, that PD-1 protein cannot interact with its natural binding partners. Using nivolumab to block the interaction between PD-1 and its binding partners allows a more robust T cell response by the patient's own immune system.

**Answer:** Merck denies that the inventors on the patent in suit developed nivolumab. Merck lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint and, therefore, denies these allegations.

6

15. **Amended Complaint ¶ 15:** Clinical testing of nivolumab confirms the remarkable promise of anti-PD-1 immunotherapy. After rigorous worldwide testing, on July 4, 2014, nivolumab became the first anti-PD-1 antibody approved anywhere in the world for treating cancer, when Japanese regulatory authorities approved nivolumab for the treatment of melanoma, a deadly form of skin cancer (http://www.ono.co.jp/eng/news/pdf/sm_cn140704.pdf).

**Answer:** Merck admits that in Ono's July 4, 2014 Press Release cited in Paragraph 15 of the Amended Complaint, Ono announced receiving "manufacturing and marketing approval for the human anti-human PD-1 monoclonal antibody 'OPDIVO® Intravenous Infusion 20 mg/100mg' ('OPDIVO') for the treatment of unresectable melanoma." Merck also admits that in Ono's July 4, 2014 Press Release cited in Paragraph 15 of the Amended Complaint, Ono stated, "OPDIVO is the world's first approved drug targeting PD-1." Merck denies that as of the date of this Answer, nivolumab has been approved for any use in the United States and states that Merck's pembrolizumab is the first and only anti-PD-1 antibody approved for treating any form of cancer in the United States. Except as so admitted, Merck lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint and, therefore, denies these allegations.

16. **Amended Complaint ¶ 16:** Plaintiffs are continuing worldwide development of nivolumab for treatment of a broad range of cancers, including non-small cell lung cancer, renal cell carcinoma, head and neck cancer, glioblastoma, and non-Hodgkin lymphoma. The United States Food and Drug Administration ("FDA") granted Fast Track designation for nivolumab for treatment of melanoma, non-small cell lung cancer, and renal cell carcinoma (http://news.bms.com/press-release/rd-news/investigational-pd-1-immune-checkpoint-inhibitor-nivolumab-receives-us-fda-bre). The FDA has designated nivolumab as a Breakthrough Therapy for the treatment of certain patients with lymphoma (http://news.bms.com/press-release/rd-news/investigational-pd-1-immune-checkpoint-inhibitor-nivolumab-receives-us-fda-bre). BMS has announced that it expects to complete submission of its Biologics License Application (BLA) for nivolumab's use in treating non-small cell lung cancer by the end of 2014 (http://news.bms.com/press-release/rd-news/bristol-myers-squibb-announces-plans-third-quarter-submission-biologics-licens).

**Answer:** Merck admits that in BMS's May 14, 2014 Press Release cited in Paragraph 16 of the Amended Complaint, BMS stated, "the FDA granted Fast Track designation for nivolumab in NSCLC [non-small cell lung cancer], melanoma, and RCC [renal cell carcinoma]."

7

Merck also admits that in BMS's May 14, 2014 Press Release cited in Paragraph 16 of the Amended Complaint, BMS stated, "the U.S. Food and Drug Administration (FDA) has granted the investigational PD-1 immune checkpoint inhibitor nivolumab Breakthrough Therapy Designation for the treatment of patients with Hodgkin lymphoma (HL) after failure of autologous stem cell transplant and brentuximab." Merck admits that in BMS's July 10, 2014 Press Release cited in Paragraph 16 of the Amended Complaint, BMS stated it "expects to complete the submission [of its BLA] by year-end" for nivolumab's use "in third-line pre-treated squamous cell NSCLC." Merck lacks sufficient knowledge or information to form a belief as to the truth of the statements contained in the cited BMS press releases and also lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Amended Complaint and, therefore, denies these allegations.

      17.    **Amended Complaint ¶ 17:**  In Phase III clinical testing, patients with advanced melanoma who received nivolumab showed superior overall survival compared to those who did not, leading BMS to stop the clinical study early and make nivolumab available to all patients in the trial (http://news.bms.com/press-release/phase-3-first-line-melanoma-study-nivolumab-investigational-pd-1-checkpoint-inhibitor-). Based on these clinical results, BMS has announced plans to submit its BLA for nivolumab in the United States for certain melanoma patients in the third quarter of 2014 (http://news.bms.com/press-release/rd-news/bristol-myers-squibb-announces-plans-third-quarter-submission-biologics-licens). Together, these clinical results confirm that the anti-PD-1 cancer treatments developed by the Plaintiffs can be used to save the lives of patients with a wide range of cancers.

      **Answer:**  Merck admits that in BMS's June 24, 2014 Press Release cited in Paragraph 17 of the Amended Complaint, BMS stated that "a randomized blinded comparative Phase 3 study evaluating nivolumab versus dacarbazine (DTIC) in patients with previously untreated BRAF wild-type advanced melanoma was stopped early because an analysis conducted by the independent Data Monitoring Committee (DMC) showed evidence of superior overall survival in patients receiving nivolumab compared to the control arm" and that "[p]atients in the trial will be unblinded and allowed to cross over to nivolumab." Merck also admits that in BMS's July 10,

2014 Press Release cited in Paragraph 17 of the Amended Complaint, BMS stated it was "planning a third quarter submission of a Biologics Licensing Application (BLA) for *Opdivo*® (nivolumab) for previously treated advanced melanoma." Merck lacks sufficient knowledge or information to form a belief as to the truth of the statements contained in the cited BMS press releases and also lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Amended Complaint and, therefore, denies these allegations.

## MERCK'S INFRINGEMENT

18.     **Amended Complaint ¶ 18:**  Merck is planning to exploit the invention of the 474 patent with an anti-PD-1 antibody called pembrolizumab. On information and belief, Merck started developing pembrolizumab after Plaintiffs had made and started testing nivolumab, and Merck has since been engaged in efforts to meet the FDA regulatory requirements for marketing, distributing, offering for sale, and selling pembrolizumab for the treatment of cancer. According to Merck, pembrolizumab is a PD-1 antibody that works by blocking the PD-1 checkpoint to treat cancer.

**Answer:**  Merck admits that on September 4, 2014, MSD received FDA-approval of Keytruda® (pembrolizumab), an anti-PD-1 therapy, for the treatment of certain patients with melanoma. Merck admits that Keytruda® is the first and only anti-PD-1 therapy approved in the United States. Merck admits that pembrolizumab works by blocking the interaction between PD-1 and its ligands, PD-L1 and PD-L2. Merck denies the remaining allegations of Paragraph 18 of the Amended Complaint.

19.     **Amended Complaint ¶ 19:**  On information and belief, Merck has known about the 474 patent and has known that the use of pembrolizumab will infringe claims of the 474 patent since at least approximately May 20, 2014, when the 474 patent was issued by the USPTO. In its August 7, 2014, 10-Q filing with the U.S. Securities and Exchange Commission ("SEC"), Merck & Co., Inc., acknowledged that the USPTO had granted the 474 patent (Merck & Co., Inc. U.S. Securities & Exchange Commission Form 10-Q at 22 (filed August 7, 2014)). In that same SEC filing, Merck & Co., Inc. admits that the use of pembrolizumab to treat cancer is covered by the European counterpart to the 474 patent *(id.* ("As previously disclosed, Ono Pharmaceutical Co. ("Ono") has a European patent (EP 1 537 878) ("'878") that broadly claims

the use of an anti-PD-1 antibody, such as the Company's immunotherapy, pembrolizumab (MK-3475), for the treatment of cancer.")).

**Answer:** Merck admits that the face of the '474 patent indicates that it was issued by the USPTO on May 20, 2014. Merck also admits that Merck & Co., Inc.'s U.S. Securities & Exchange Commission Form 10-Q (filed August 7, 2014) states, "The United States Patent and Trademark Office recently granted US Patent No[] 8,728,474 . . . ." Merck further admits that Merck & Co., Inc.'s U.S. Securities & Exchange Commission Form 10-Q (filed August 7, 2014) contains the statement quoted in Paragraph 19 of the Amended Complaint. Merck denies the remaining allegations of Paragraph 19 of the Amended Complaint.

20. **Amended Complaint ¶ 20:** Merck and its affiliates have had knowledge of the family of patents that includes the 474 patent for many years and have instituted legal proceedings seeking to invalidate the corresponding patents in Europe. Merck initiated an opposition proceeding against European Patent EP 1 537 878 ("EP 878 patent"), a European counterpart of the 474 patent, in the European Patent Office on June 20, 2011. Merck made numerous submissions in that opposition proceeding and an oral hearing was held on June 4, 2014. On information and belief, Merck's outside counsel referred to the 474 patent during the oral hearing. That same day, the panel hearing oral argument rejected Merck's opposition and held the EP 878 patent valid.

**Answer:** Merck admits that Merck & Co., Inc. filed an opposition on June 20, 2011 in the European Patent Office seeking revocation of the EP '878 patent, a European patent that shares a common priority application with the '474 patent. Merck also admits that Merck & Co., Inc. provided the European Patent Office with information in the course of the opposition and that oral proceedings were held on June 4, 2014. Merck further admits that the Opposition Division of the European Patent Office has not as of the date of this answer revoked the EP '878 patent, but states that the European Patent Office proceedings are ongoing and that Merck & Co., Inc. initiated an appeal of the Opposition Division's decision on October 10, 2014. Except as so admitted, Merck denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21. **Amended Complaint ¶ 21:** On May 22, 2014, Merck's European affiliate filed a revocation action in the United Kingdom seeking to revoke the U.K. patent corresponding to the

10

EP 878 patent. BMS has filed a counterclaim alleging infringement by pembrolizumab in that action.

**Answer:** Merck admits that Merck Sharp & Dohme Limited filed a revocation action in the United Kingdom seeking to revoke the U.K. patent corresponding to the EP '878 patent. Merck also admits that BMS has filed a counterclaim alleging infringement by pembrolizumab in that action. Except as so admitted, Merck denies the remaining allegations in Paragraph 21 of the Amended Complaint.

22. **Amended Complaint ¶ 22:** On information and belief, Merck received approval from the FDA on September 4, 2014, to market pembrolizumab as a treatment for certain patients with melanoma. Merck's pembrolizumab is especially made for use in infringing the 474 patent and has no substantial non-infringing uses. By virtue of obtaining approval to market and sell pembrolizumab as a treatment for certain patients with melanoma, Merck has the specific intent to cause infringement of the 474 patent or, at a minimum, Merck has been willfully blind to the infringement of the 474 patent that will inevitably result.

**Answer:** Merck admits that MSD received approval from the FDA on September 4, 2014 to market pembrolizumab as a treatment for certain patients with melanoma. Merck denies the remaining allegations of Paragraph 22 of the Amended Complaint.

23. **Amended Complaint ¶ 23:** On information and belief, Merck either has begun efforts to produce substantial supplies of pembrolizumab in anticipation of an imminent launch in the United States, and/or will soon begin, or has begun, manufacturing, distributing, using, offering for sale, selling, and/or importing in the United States the pembrolizumab antibody product to be prescribed and used for the treatment of cancer. Upon information and belief, such pembrolizumab is being used and will be used for the treatment of cancer in the United States.

**Answer:** Merck admits that MSD received approval from the FDA on September 4, 2014 to market pembrolizumab as a treatment for certain patients with melanoma and that it has begun manufacturing, distributing, using, offering for sale, selling, and/or importing pembrolizumab in the United States. Merck further admits that pembrolizumab is being used, and that Merck expects that pembrolizumab will be used, by Third Parties for its FDA approved use. Merck denies the remaining allegations in Paragraph 23 of the Amended Complaint.

### COUNT I: DECLARATORY JUDGMENT OF PATENT INFRINGEMENT

24. **Amended Complaint ¶ 24:** Plaintiffs incorporate by reference paragraphs 1-23 as if fully set forth herein.

**Answer:** Merck repeats the responses contained in Paragraphs 1 through 23 as though fully set forth herein.

25. **Amended Complaint ¶ 25:** As set forth above, a real, immediate, substantial, and justiciable controversy has arisen and now exists between the parties under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

**Answer:** Merck does not contest that a justiciable controversy has arisen and now exists between the parties under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

26. **Amended Complaint ¶ 26:** Merck is actively preparing to and will imminently infringe the 474 patent. As set forth above, on information and belief, by making meaningful preparations to market, make, use, sell, offer for sale, and/or import pembrolizumab in the United States for the treatment of cancer, Merck will imminently infringe the 474 patent, including by actively inducing infringement under 35 U.S.C. § 271(b) and as a contributory infringer under 35 U.S.C. § 271(c).

**Answer:** Merck denies the allegations in Paragraph 26 of the Amended Complaint.

27. **Amended Complaint ¶ 27:** On information and belief, Merck has been aware of the 474 patent since at least approximately May 20, 2014, when the USPTO issued the 474 patent and Merck's imminent infringement is deliberate, willful, and in reckless disregard of valid patent claims of the 474 patent.

**Answer:** Merck admits that it was aware of the '474 patent before the Amended Complaint was filed, but denies the remaining allegations in Paragraph 27 of the Amended Complaint.

28. **Amended Complaint ¶ 28:** Plaintiffs will be injured by and will suffer substantial damages as a result of Merck's imminent infringement.

**Answer:** Merck denies the allegations in Paragraph 28 of the Amended Complaint.

### COUNT II: PATENT INFRINGEMENT

29. **Amended Complaint ¶ 29:** Plaintiffs incorporate by reference paragraphs 1-28 as if fully set forth herein.

**Answer:** Merck repeats the responses contained in Paragraphs 1 through 28 as though fully set forth herein.

30. **Amended Complaint ¶ 30:** A real, immediate, substantial, and justiciable controversy has arisen and now exists between the parties as to whether Merck is infringing the 474 patent.

**Answer:** Merck does not contest that a justiciable controversy has arisen and now exists between the parties as to whether Merck is infringing the '474 patent.

31. **Amended Complaint ¶ 31:** On information and belief, Merck is marketing, making, using, selling, offering for sale, and/or importing pembrolizumab in the United States for the treatment of cancer. On information and belief, such pembrolizumab is being used for the treatment of cancer in the United States. As set forth above, Merck is thereby infringing the 474 patent, including by actively inducing infringement under 35 U.S.C. § 271(b) and as a contributory infringer under 35 U.S.C. § 271(c).

**Answer:** Merck admits that it is marketing, making, using, selling, offering for sale, and/or importing pembrolizumab in the United States. Merck further admits that pembrolizumab is being used by Third Parties for its FDA approved use. Merck denies the remaining allegations in Paragraph 31 of the Amended Complaint.

32. **Amended Complaint ¶ 32:** On information and belief, Merck has been aware of the 474 patent since at least approximately May 20, 2014, when the USPTO issued the 474 patent and Merck's infringement is deliberate, willful, and in reckless disregard of valid patent claims of the 474 patent.

**Answer:** Merck admits that it was aware of the '474 patent before the Amended Complaint was filed, but denies the remaining allegations in Paragraph 32 of the Amended Complaint.

33. **Amended Complaint ¶ 33:** Plaintiffs have been and will continue to be injured by and have been and will continue to suffer substantial damages as a result of Merck's infringement.

**Answer:** Merck denies the allegations in Paragraph 33 of the Amended Complaint.

## JURY DEMAND

34. Merck acknowledges that the Amended Complaint sets forth a demand for trial by jury.

## PRAYER FOR RELIEF

35. Merck denies that Plaintiffs are entitled to any of the relief requested in paragraphs (a)–(g) of Plaintiffs' prayer for relief, and further deny that Plaintiffs are entitled to any relief whatsoever. All allegations not specifically admitted are denied.

## AFFIRMATIVE AND OTHER DEFENSES

36. Merck asserts the following affirmative and other defenses and reserves the right to amend this Answer as additional information becomes available.

### FIRST DEFENSE
(Failure to State a Claim)

37. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
(Non-Infringement)

38. Merck is not infringing and has not infringed (including directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '474 patent, either literally or under the doctrine of equivalents.

### THIRD DEFENSE
(Invalidity)

39. Each and every claim of the '474 patent is invalid for failing to comply with one or more requirements of the patent laws of the United States, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FORTH DEFENSE**
(Prosecution-History Estoppel)

40. Plaintiffs' claims are barred, in whole or in part, by representations or actions taken during the prosecution of the '474 patent, and related patents under the doctrine of prosecution-history estoppels, and/or prosecution disclaimer.

**FIFTH DEFENSE**
(35 U.S.C. § 288)

41. Plaintiffs are not entitled to seek recovery of their costs pursuant to 35 U.S.C. § 288.

**SIXTH DEFENSE**
(Exceptional Case)

42. This case is exceptional under 35 U.S.C. § 285. Merck is entitled to an award of its attorneys' fees incurred in connection with defending and prosecuting this action.

**PRAYER FOR RELIEF**

WHEREFORE, Merck respectfully request the following relief:

(a) the entry of judgment on the Amended Complaint in favor of Merck, and against Plaintiffs, with Plaintiffs not being awarded any relief;

(b) a declaration that Merck has not infringed and is not infringing any valid and enforceable claim of the '474 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents;

(c) a declaration that each and every claim of the '474 patent is invalid;

(d) denial of Plaintiffs' request for damages, attorney fees, costs, and expenses;

(e) a declaration that this is an "exceptional case" within the meaning of 35 U.S.C. § 285, and an award to Merck of its expenses, costs and attorneys' fees;

    (f)  an award to Merck of such other and further equitable or legal relief as the Court deems just and proper.

                   Respectfully submitted,

                   SEITZ ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

David T. Pritikin
William H. Baumgartner, Jr.
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000
dpritikin@sidley.com
wbaumgartner@sidley.com

Jeffrey P. Kushan
Fitz B. Collings
Kirsten E. Braun
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
jkushan@sidley.com
fcollings@sidley.com
kbraun@sidley.com

Todd L. Krause
Grace I. Chiang
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
tkrause@sidley.com
gchiang@sidley.com

Dated: December 8, 2014

                   */s/ Benjamin J. Schladweiler*
                   Collins J. Seitz, Jr. (#2237)
                   Benjamin J. Schladweiler (#4601)
                   100 S. West Street, Suite 400
                   Wilmington, DE 19801
                   (302) 576-1600
                   cseitz@seitzross.com
                   bschladweiler@seitzross.com

                   *Counsel for Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp.*

# **CERTIFICATE OF SERVICE**

I, Benjamin J. Schladweiler, hereby certify that on December 8, 2014, a true copy of the foregoing **Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp.'s Answer to Plaintiffs' Amended Complaint** was served via electronic mail upon the following counsel of record:

Joseph J. Farnan, Jr.
Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
farnan@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Counsel for Plaintiffs Bristol-Myers Squibb Co., E.R. Squibb & Sons L.L.C., Ono Pharmaceutical Co., Ltd., and Tasuku Honjo*

Dianne B. Elderkin
Steven D. Maslowski
Matthew A. Pearson
Jason Weil
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 Market Street, Suite 4100
Philadelphia, PA 19103
delderkin@akingump.com
smaslowski@akingump.com
mpearson@akingump.com
jweil@akingump.com

Emily C. Johnson
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Ave., N.W.
Washington, D.C. 20036
johnsone@akingump.com

*Counsel for Plaintiffs Bristol-Myers Squibb Co., E.R. Squibb & Sons L.L.C., Ono Pharmaceutical Co., Ltd., and Tasuku Honjo*

    /s/ Benjamin J. Schladweiler
    Benjamin J. Schladweiler (#4601)