# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRISTOL-MYERS SQUIBB CO., <br> E. R. SQUIBB & SONS, L.L.C., <br> ONO PHARMACEUTICAL CO., LTD., and <br> TASUKU HONJO, <br><br> Plaintiffs, <br><br> v. <br><br> MERCK & CO., INC. and <br> MERCK SHARP & DOHME CORP., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )  C.A. Nos. 14-1131-GMS; 15-560-GMS; <br> )  15-572-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' REPLY LETTER BRIEF REQUESTING
## PERMISSION TO FILE A MOTION FOR SUMMARY JUDGMENT

Dated: October 28, 2016

Of Counsel:

SIDLEY AUSTIN LLP
David T. Pritikin
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Jeffrey P. Kushan
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

McCARTER & ENGLISH, LLP
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
405 N. King St., 8th Floor
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Defendants*
*Merck & Co., Inc. and*
*Merck Sharp & Dohme Corp.*

ME1 23614264v.1

<u>**Via CM/ECF & Hand Delivery**</u>                                                                October 28, 2016

The Honorable Gregory M. Sleet
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      RE:    *Bristol-Myers Squibb Co., et al. v. Merck & Co., In*c*., et al.*, (C.A. Nos. 14-1131-GMS, 15-560-GMS & 15-572-GMS)

Dear Judge Sleet:

      Plaintiffs' opposition to Merck's request to file a motion for summary judgment ignores the Federal Circuit's well-settled test for written description and effectively concedes the facts necessary to grant summary judgment in Merck's favor.[1]

      Initially, Plaintiffs do not dispute that the asserted claims cover use of many different "species" of anti-PD-1 antibodies. This means the claims are directed to a "genus" of antibodies, and must be measured for written description as such.[2] Under that analysis, Plaintiffs must show the patents either (i) identify a structure common to the members of that genus of antibodies, or (ii) describe a representative number of species of anti-PD-1 antibodies within that genus.

      The undisputed facts establish that the patents meet neither test. As to the first, Plaintiffs do not dispute that their patents fail to identify a common structure shared by the genus of anti-human PD-1 antibodies used in the claimed methods. As to the second, Plaintiffs do not dispute that their patents fail to disclose a representative number of species of such antibodies. Instead, they simply assert "the patents need not describe 'representative species' of the anti-PD-1 antibodies used in their methods." Opp. at 3. That position is fatal to the asserted claims, yet is the only one they could advance, given that the patents disclose only <u>one</u> species of anti-human PD-1 antibody—the J110 antibody. Plaintiffs do not dispute that J110 has a different structure and different functional properties than other anti-human PD-1 antibodies, including Merck's pembrolizumab and Plaintiffs' nivolumab, and logically cannot contend J110 is representative of the full scope of the genus of the anti-PD-1 antibodies of the claims. Because Plaintiffs do not

---

[1] Merck also noted that since invalidity under § 101 is an issue reserved for the Court, it would be appropriate to brief and consider that issue in conjunction with a motion for summary judgment based on written description. The merits of that issue were considered by the Court earlier in this proceeding, before completion of discovery.

[2] The parties agree that the *en banc* Federal Circuit set forth the standard for evaluating "genus" claims for written description in *Ariad Pharmaceuticals, Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1350 ("[A] sufficient written description of a genus instead requires the disclosure of either a representative number of species falling within the scope of the genus or structural features common to the members of the genus so that one of skill in the art can 'visualize or recognize' the members of the genus"). It has applied this standard to antibody genus claims in at least two cases. *AbbVie Deutschland GmbH & Co. v. Janssen Biotech, Inc.*, 759 F.3d 1285 (Fed. Cir. 2014); *Centocor Ortho Biotech, Inc. v. Abbott Labs.*, 636 F.3d 1341 (Fed. Cir. 2011). Merck raised both in its October 7 letter, but Plaintiffs mention neither in their opposition.

identify <u>any</u> dispute over any of the facts which prove the asserted patent claims are invalid due to inadequate written description, summary judgment on that basis is warranted in this case.

The arguments and factual disputes that Plaintiffs do raise in their opposition cannot foreclose summary judgment, as each is legally irrelevant to the issue of written description. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) ("Factual disputes that are irrelevant or unnecessary will not be counted."); *PowerOasis, Inc. v. T-Mobile USA, Inc.,* 522 F.3d 1299, 1307 (Fed. Cir. 2008) (written description amenable to summary judgment where no reasonable fact finder could return a verdict for the non-moving party).

For example, Plaintiffs argue that they can establish written description of the claimed genus of antibodies simply by showing the PD-1 protein was a "known antigen," citing *Noelle v. Lederman*, 355 F.3d 1343 (Fed. Cir. 2004). Opp. at 4. But the Federal Circuit rejected that exact argument in *Centocor*, holding that *Noelle* does <u>not</u> stand for the proposition that that one can demonstrate possession of a genus of antibodies with particular functional properties by simply identifying the antigen to which the antibodies bind. *See Centocor*, 636 F.3d at 1352 ("Claiming antibodies with specific properties, e.g., an antibody that binds to human TNF-$\alpha$ with A2 specificity, can result in a claim that does not meet written description even if the human TNF-$\alpha$ protein is disclosed because antibodies with those properties have not been adequately described."). Instead, the Federal Circuit made clear that disclosing <u>one</u> example of an antibody and providing a research plan for finding more is <u>not enough</u>. *Id.* at 1351 (a "'mere wish or plan' for obtaining the claimed invention is not sufficient.").

Plaintiffs also contend that because the asserted claims are to methods of treatment, rather than to antibodies *per se*, they should not be measured as "genus" claims. Opp. at 3. But the Federal Circuit rejected that argument in *University of Rochester v. G.D. Searle & Co.,* 358 F.3d 916 (Fed. Cir. 2004). In that case, method of treatment claims were at issue—the claims specified administering a "non-steroidal compound that selectively inhibits activity of the PGHS-2 gene product <u>to a human host in need of such treatment</u>." *Rochester*, 358 F.3d at 918 (emphasis added). The court affirmed the district court's finding of invalidity for lack of written description on summary judgment because the patent did not describe either a common structure, or a representative number of species, of compounds having the specified functional property that made them useful in treatment. It also held that a claim to a method of using a genus of compounds must be evaluated the same way as a claim to the genus of compounds itself, explaining the difference between the two claim forms is "a semantic distinction without a difference." *Rochester*, 358 F.3d at 926. In other cases, the court has likewise found treatment method claims invalid because the disclosure neither identified a common structure, nor a representative number of species, of the compounds used in those methods.[3]

After filing their opposition, Plaintiffs cited a decision by Judge Bryson sitting by

---

[3]  In *Ariad*, infringement was based on use of two of Lilly's drugs—Evista and Xigris—in treatment of patients because both were "substances that achieve the desired result of reducing the binding of NF-$\kappa$B to NF-$\kappa$B recognition sites." *Ariad*, 598 F.3d at 1341; *see also Boston Sci. Corp. v. Johnson & Johnson*, 647 F.3d 1353, 1364 (Fed. Cir. 2011) (invaliding method claims for inhibiting neointimal proliferation in a coronary artery via a drug-eluting stent because "universe of potential compounds [for use in stents]. . . is potentially limitless").

designation in the Eastern District of Texas that denied summary judgment of invalidity on written description grounds. But in that case, unlike this one, Judge Bryson found the question whether the patent disclosed a representative number of species in the claimed genus to be a disputed issue of fact. He noted, for example, that the patent disclosed a number of "preferred selective inhibitors" within the genus of PDE V inhibitors used in the claimed methods, and referenced journal articles showing more examples of such compounds. Slip Op. at 34. From those facts, Judge Bryson concluded there was a factual dispute as to whether the number of compounds identified in the patent—those listed in the specification along with those identified in journal articles cited by the patent—was sufficient to demonstrate possession of the claimed genus. Slip Op. at 37. By contrast, in this case, it is undisputed the patents do not describe a representative number of species of anti-PD-1 antibodies that can be used in the claimed methods. Instead, it discloses only one anti-human PD-1 antibody (J110) and does not identify (by any means) any other antibodies that can be used in the claimed methods to treat humans.

      Plaintiffs' remaining arguments are irrelevant. First, the supposedly "detailed and technologically-complex description" in the patents does not change the fact that it discloses only one anti-human PD-1 antibody but claims many. Second, the economic or scientific significance of anti-PD-1 antibodies is not a reason to decline consideration of written description on summary judgment. The Celebrex® product at issue in *Rochester* was a blockbuster drug, but the court found the patents invalid on summary judgment, and the Federal Circuit affirmed that decision on appeal. Third, the fact that experimental findings reported in a patent have some scientific value does not excuse the patents from complying with the written description requirement. Indeed, the patent at issue in *Ariad* described an important cellular pathway, and included Nobel laureates as inventors, but nonetheless was held invalid for written description. *See, e.g.*, *Ariad*, 598 F.3d at 1353–54 (noting public policy justifications for denying patents based on research hypotheses).

      Finally, Plaintiffs state that their expert, Dr. Akbari, intends to testify that the patents disclose useful results from experiments that did not involve anti-PD-1 antibodies, and describes procedures that could be followed to make new anti-PD-1 antibodies that may work to treat cancer. Opp. at 2. But that testimony cannot demonstrate the claims meet the written description requirement. At best, it would go to the question of whether the patents provide an <u>enabling</u> disclosure, a different requirement of the patent law. As the Federal Circuit has made crystal clear, demonstrating compliance with enablement does not, *ipso facto*, demonstrate compliance with the written description requirement. *Ariad*, 598 F.3d at 1351.

      Nothing raised by Plaintiffs in their opposition is relevant to the written description issue that is the basis of Merck's request for summary judgment. Merck respectfully requests the Court authorize its motion for summary judgment on written description.

Respectfully submitted,

/s/ Michael P. Kelly

Michael P. Kelly (#2295)
cc:    All counsel of record (via CM/ECF and email)